UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ALFRED E. JOHNSON, )<br>)<br>Petitioner, )<br>v. )<br>)<br>WENDY KNIGHT, )<br>)<br>Respondent. ) | No. 1:07-cv-517-RLY-TAB |

**Entry Discussing Petition for Writ of Habeas Corpus**

  In a prison disciplinary proceeding identified as No. CIC 06-11-0164, Alfred Johnson ("Johnson") was found guilty of violating prison rules by intimidation or threatening another with bodily harm or with an offense against the person or property. The evidence favorable to the conduct board's decision is that on November 22, 2006, Johnson made statements to Officer Graham at the Correctional Industrial Facility, an Indiana prison, in which Johnson made explicit threats toward Officer Wilkerson. Contending that the proceeding is tainted by constitutional error, Johnson seeks a writ of habeas corpus. Because the court finds that there was no error of that nature, Johnson's habeas petition must be **denied.** This conclusion rests on the following facts and circumstances:

  1. Johnson is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)).

  2. "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In these circumstances, Johnson was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539 (1974); *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

3.      Using the protections recognized in *Wolff* and *Hill* as an analytical template, Johnson received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Johnson was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. Johnson claims that he was improperly denied access to a video of the events recited in the conduct report, but the expanded record shows otherwise. Specifically, it is true that a habeas petitioner has the right to view exculpatory evidence provided such viewing does not create a valid security concern. *Piggie v. Cotton,* 344 F.3d 674, 678 (7th Cir. 2003). The premise of this rule, of course, is that such evidence exists. If the evidence did not exist, the questions whether it was improperly withheld from the inmate and whether a conduct board improperly failed to consider it do not arise. In this case, the expanded record shows that video had been erased after 3 days, which was 2 days before Johnson requested it when he was "screened" on the charge. Thus, by the time he made the request, and including at the time of the disciplinary hearing, there was no tape to preserve, view and consider.

4.      "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Johnson to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are refuted by the expanded record. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/18/07

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana